UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S., <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>　　　　　　Defendant. | Case No.: 23-cv-98-KSC <br><br>**ORDER REVIEWING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

　　　　Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Doc. No. 1. This Court directed the parties to explore informal resolution of the matter through the meet-and-confer process, but the parties were unable to resolve the case on their own. Doc. Nos. 12, 13. Having reviewed the parties' briefing and the Administrative Record ("AR"), the Court **AFFIRMS** the decision of the Commissioner in this matter.

//

//

# I. BACKGROUND

This case was heard by an Administrative Law Judge ("ALJ") following a voluntary remand from the United States District Court for the Southern District of California. AR 1227; *Stearns v. Berryhill*, 19-cv-761-RBB, Doc. No. 16 (S.D. Cal. Nov. 12, 2019).[1] Plaintiff, represented by counsel, appeared before the ALJ. *See id*. Plaintiff's attorney and the ALJ both examined plaintiff at the hearing, and the ALJ received testimony from a vocational expert. *See id*. After reviewing the documentary evidence in the record and hearing the witnesses' testimony, the ALJ ultimately concluded plaintiff was not disabled. AR 1237.

The ALJ's decision followed the five steps prescribed by applicable regulations under which the ALJ must sequentially determine (1) if the claimant is engaged in substantial gainful employment; (2) whether the claimant suffers from a "severe" impairment; (3) if any impairment meets or is medically equal to one of the impairments identified in the regulatory Listing of Impairments; (4) the claimant's residual functional capacity ("RFC") and whether the claimant can perform any past relevant work; and (5) whether a claimant can make an adjustment to other work based on his or her RFC. *See* 20 C.F.R. § 404.1250(a)(4); 12-28-29. The ALJ's evaluation ends if at any individual step the ALJ finds the claimant is or is not disabled. *See* 20 C.F.R. § 404.1250(a)(4).

The ALJ found plaintiff's date last insured ("DLI") was June 30, 2013. AR 1229. At step one, the ALJ did not determine whether plaintiff had engaged in any substantial gainful activity between the alleged onset of disability and his DLI. AR 1230. The ALJ noted plaintiff had engaged in *some* work activity, but did not determine whether that counted as substantial gainful activity. *Id.* Instead, the ALJ reserved deciding the issue because there was another "valid basis for denying" plaintiff's application for benefits. *Id.* At step two,

---

[1] All citations to "AR" are to the Administrative Record in this matter [Doc. No. 11], and are paginated accordingly. Any other citations to the Court's docket will reflect pagination assigned by the Court's CM/ECF case management system.

the ALJ found plaintiff had two severe impairments: "complex migraine headaches with acute migraine mimicking a stroke like episode and degenerative disc disease." *Id.* The ALJ found plaintiff had the following non-severe impairments: "obstructive sleep apnea, Eustachian tube dysfunction with otitis medial, piriformis syndrome, knee pain, and chest pain." *Id.* At step three, the ALJ found none of plaintiff's impairments met or exceeded the listings of 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 1231.

At step four, the ALJ found plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) . . . performing routine, noncomplex tasks" with the following limitations: "occasional lifting of 20 pounds, frequent lifting of 10 pounds; standing and/or walking for six hours in an eight-hour workday; sitting for six hours in an eight-hour workday; no working around unprotected heights or dangerous machinery; no climbing ladders, ropes, or scaffolds; [and] no exposure to temperature extremes." AR 1231-35. The ALJ also found plaintiff could not perform any past relevant work. AR 1235-36. At step five, the ALJ found plaintiff's ability to "perform all or substantially all of the requirements of light work" was "impeded by additional limitations," but there were nonetheless jobs in the national economy—including ticker seller, inspector, and assembler—that plaintiff could have performed. AR 1236. Accordingly, the ALJ found plaintiff was not disabled between the alleged onset date of January 1, 2006, and the DLI of June 30, 2013. AR 1237.

Following the ALJ's unfavorable decision, plaintiff lodged exceptions to the ALJ's decision with the Appeals Council. AR 1222-23. The Appeals Council found "no reason to assume jurisdiction" over the appeal and determined the ALJ's decision was consistent with the District Court Remand Order [*Stearns v. Berryhill*, 19-cv-761-RBB, Doc. No. 16 (S.D. Cal. Nov. 12, 2019)] and the applicable social security laws, rules, and regulations. AR 1215-16. This appeal followed.

////

////

////

## II. DISPUTED ISSUES

Plaintiff raises only a single issue in this appeal. Doc. No. 14 at 2. He argues the ALJ failed to articulate specific, clear, and convincing reasons for rejecting plaintiff's symptom testimony. *Id.*

## III. STANDARD OF REVIEW

This Court will affirm the ALJ's decision if (1) the ALJ applied the correct legal standards; and (2) the decision is supported by substantial evidence. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under the substantial evidence standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record. *Id.* the Court will defer to the Commissioner if there is evidence in the record to support more than one rational interpretation. *Id.*

Even if the ALJ makes an error, this Court can nonetheless affirm the denial of benefits if such error was "harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford*, 950 F.3d at 1154 (quoting *Tommasetti*, 533 F.3d 1035, 1038 (9th Cir. 2008). The Court's ability to uphold the ALJ's decision is limited in that this Court may not make independent findings and therefore cannot uphold the decision on a ground not asserted by the ALJ. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## IV. ANALYSIS OF THE COMMISSIONER'S DECISION

Plaintiff claims only one error: the ALJ erroneously discounted plaintiff's subjective symptom testimony. *See* Doc. No. 14 at 2. When a Social Security claimant presents objective medical evidence of an underlying impairment that might reasonably produce the complained-of symptoms, and the ALJ does not find evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of those symptoms for "specific, clear, and convincing reasons." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015)). The "'clear and convincing' standard requires an ALJ to show his work." *Smartt. v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "The standard isn't whether [this] court is convinced, but instead

whether the ALJ's rationale is clear enough that it has the power to convince." *Id.* At the same time, the ALJ may not merely provide a summary of record evidence and a boilerplate conclusion that plaintiff's testimony is generally inconsistent with objective medical evidence. *Lambert*, 980 F.3d 1266 at 1277.

The parties herein do not entirely agree on the scope of the 'specific, clear, and convincing reasons' the ALJ provided for his decision to discount plaintiff's symptom testimony. *Compare* Doc. No. 14 at 5 *with* Doc. No. 16 at 4-6. Plaintiff suggests the ALJ "gave three reasons: (1) the objective medical evidence indicates the claimant's symptoms stabilized with treatment; (2) progress notes indicate that his migraines were managed with trials of medication, physiotherapy, and acupuncture; and (3) he had two acute incidents one in 2003 and one in 2010, related to his migranine headaches, but at the follow up from both these incidents, his symptoms resolved." *See* Doc. No. 14 at 5. Defendant suggests the ALJ based his decision on (1) the fact that plaintiff's symptoms appeared to be managed with treatment; (2) inconsistencies between plaintiff's symptom testimony and test results contained in plaintiff's medical records; and (3) contradictions in the plaintiff's testimony. Doc. No. 16 at 4-6.

Based on this Court's independent review of the record, the ALJ gave only a single reason for rejecting plaintiff's subjective symptom testimony: that his symptoms had stabilized with treatment through the date last insured. *See* AR 1234. This is closer to the way plaintiff presents the issue because plaintiff's second and third "points" are really just restatements of the idea that treatment had been effective at controlling plaintiff's migraines. Giving them separate numbers does not transform them into separate issues. Defendant's second and third points, in contrast, are not specifically analyzed in a the ALJ's actual determination, althouhg the ALJ does note some of these facts in a general sense. *See* AR 1232-33. The ALJ did not, however, offer any of them as tending to refute plaintiff's testimony. AR 1234. When the ALJ did not offer a particular reason as a basis for his decision, this Court cannot independently evaluate the record evidence as defendant has done here. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir.

2006); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). If this Court were to analyze defendant's claims of inconsistencies between the plaintiff's testimony and certain medical tests, or inconsistencies within his testimony itself, it would be tantamount to making independent findings of fact. Because the Court's review cannot be that extensive, the Court will analyze only the ALJ's conclusion that plaintiff's symptoms were managed with treatment.

Effective treatment that controls a claimant's symptoms can rebut subjective symptom testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(vi); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). As the ALJ correctly noted, plaintiff had to prove he was disabled prior to his DLI of June 30, 2013. *See* AR 1233. Plaintiff testified, in the most generalized manner possible, that he was more or less incapacitated by headaches three to five times per month from 2004 through the date of the hearing. AR 1264, 1265-67. But, as the ALJ noted, acupuncture and a Midrin prescription completely controlled plaintiff's symptoms between 2004 and 2010. AR 1233, 390-91. He was still "doing well" on Midrin through September 2011 when he reported an isolated headached. AR 388. Right up until three days before his DLI, plaintiff was still "doing well," with no reports of "unusual headaches." AR 816. This is sufficient "substantial evidence" to support the ALJ's decision to reject plaintiff's subjective symptom testimony.

Plaintiff indicates there is evidence in the record that he experienced some headaches during the years between 2011 and his DLI. *See* Doc. No. 14 at 3 (citing AR 312-13, 316, 322-24). But these isolated instances do not rebut the ALJ's conclusion, which is supported by substantial evidence, that plaintiff's condition was generally controlled by treatment. Plaintiff also cites a body of evidence suggesting his headaches gradually worsened between 2015 and the date of the hearing. *See generally* Doc. No. 14 at 3-4. Evidence of disability post-dating the DLI can sometimes be relevant to proving the extent of disability arising prior to the DLI, as long as it tends to prove the disability actually arose prior to the DLI, not that an impairment worsened and the claimant became disabled after the date last insured. *See generally*, *Carillo v. Comm'r of Soc. Sec.*, 1:22-cv-428-SAB, 2023 WL

5155866, 2023 U.S. Dist. LEXIS 1400072, at *21-23 (E.D. Cal. Aug. 10, 2023) (collecting cases). However, the evidence plaintiff cites from after his DLI is not relevant to the severity of his symptoms prior to the DLI in this case because it only shows how his symptoms worsened *after* the DLI had passed. The Court, therefore, concludes the ALJ's decision to reject plaintiff's subjective symptom testimony was supported by substantial evidence.

## V. CONCLUSION

The final decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment in favor of defendant and terminate the case.

Dated: October 3, 2023

Hon. Karen S. Crawford
United States Magistrate Judge